IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE M. BUCKLEY,

                    Petitioner,                    ORDER

    v.

                                             09-cv-715-bbc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                    Respondent.

---

Willie M. Buckley, an inmate the New Lisbon Correctional Institution in New Lisbon, Wisconsin, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He had paid the five dollar filing fee. Buckley's petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The subject of the petition is petitioner's November 9, 2005 conviction in the Circuit Court for Racine County for felony bail jumping. Petitioner contends that his plea to that count was involuntary because his lawyer gave him bad advice about the consequences of his plea. Although petitioner provides few details in his petition, the relevant facts were described by the Wisconsin Court of Appeals in an opinion issued March 26, 2008. *State v. Buckley*, 2008 WI App 64, 311 Wis. 2d 489, 750 N.W. 2d 518 (Table)(unpublished opinion). I assume that petitioner is raising the same claim that he raised in his state court appeal: that his plea was involuntary because he entered it on the basis of his lawyer's erroneous advice that he could preserve a certain issue for appeal. So understood, petitioner's claim is sufficient to show a violation of his right to the effective assistance of counsel.

Before ordering the state to respond to the petition, however, one matter needs to be clarified. According to the petition, petitioner has a pending state court motion for post

conviction relief that involves an issue different from the involuntary plea/ineffective assistance of counsel claim raised in his petition and on direct appeal. Pet., dkt.#1, ¶11. Petitioner does not identify the nature of this claim or set forth any facts in support of it, so it is not clear if it might be cognizable in a federal habeas petition or if it relates to his underlying conviction as opposed to the later revocation of his extended supervision. *See* docket sheet for Racine County case number 05CF944, dkt. #94, available at http://wcca.wicourts.gov (visited Dec. 2, 2009).

Under the rules governing § 2254 petitions, a state prisoner generally is entitled to only one federal collateral attack on his conviction. 28 U.S.C. § 2244(b). Thus, if the claim presented in petitioner's pending state court motion raises a constitutional issue that challenges the validity of petitioner's conviction, petitioner must include it in his federal petition in order to preserve his right to federal review. If he does not, and this court proceeds on the single claim of ineffective assistance of counsel that he has exhausted, then petitioner is likely to be barred from seeking federal relief on his other claim later. The fact that petitioner has not exhausted his state court remedies on his other claim does not preclude him from including it in his federal habeas petition. *See generally Rhines v. Weber*, 544 U.S. 269 (2005).

Because petitioner may not have been aware of the need to include all of his claims in his petition, I will allow petitioner the opportunity to decide whether he wishes to amend his petition to include any constitutional claims that may be pending in state court. If petitioner decides to include additional claims in his petition, then he must set out the facts supporting those claims. In addition, he should specify when he filed his state court post conviction motion and explain why he did not present those claims to the state courts in his direct appeal.

ORDER

IT IS ORDERED that petitioner Willie Buckley has until January 4, 2010, in which to amend his petition to include any constitutional challenges to his conviction that are pending in state court.  If petitioner decides to include additional claims in his petition, then he must set out the facts supporting those claims.  In addition, he should specify when he filed his state court post conviction motion and explain why he did not present those claims to the state courts in his direct appeal.

If petitioner either fails to amend his petition by January 4, 2010 or informs the court that he does not wish to amend his petition, then the court will order the state to respond to the involuntary plea/ineffective assistance of counsel claim discussed in this order.

If petitioner files an amended petition on or before January 4, 2010, then the court will review the new claims to determine whether the state must respond to them.

Entered this 2nd day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge