IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE M. BUCKLEY,

                      Petitioner,                      ORDER

   v.

                                              09-cv-715-bbc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                      Respondent.

---

      This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner Willie Buckley contends that his custody resulting from his state court conviction for felony bail jumping is in violation of his constitutional rights. Specifically, he contends that his no contest plea to felony bail jumping was not entered knowingly and intelligently because it was founded upon his lawyer's erroneous advice that he could contest a pretrial ruling by the trial court concerning one of the elements of that charge. The state trial and appellate courts denied the claim on the merits. They agreed that Buckley's lawyer provided bad advice about the appealability of the court's pretrial ruling, but found incredible petitioner's contention that he relied on her advice in deciding to enter a plea.

      Two administrative matters are before the court. First, on February 19, 2010, the state filed a response to the petition. In its response, the state asserted that it would file copies of the state court transcripts within 14 days, that is, by March 5. As of today, March 22, the transcripts have not been received. Meanwhile, on February 26, petitioner filed a motion for the appointment of counsel. On March 19, before the court had an opportunity to rule on the motion for counsel, petitioner filed his brief in support of his petition.

I begin with petitioner's motion for the appointment of counsel. As an initial matter, I note that petitioner has not submitted an affidavit of indigency, having paid the $5 filing fee for this habeas petition. I will assume for purposes of deciding the present motion that he is indigent. When deciding whether to appoint counsel to an indigent litigant, a district court must consider 1) the difficulty of the case in relation to the petitioner's ability to represent himself and 2) whether counsel might make a difference to the outcome. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). The question is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (clarifying earlier articulated standard).

Considering these factors, I am denying petitioner's motion. Apart from stating that he "needs some help" filing his brief in support of his petition, petitioner has provided no information about his educational background, reading and writing abilities or other information that would help this court assess petitioner's ability to present his claim. I note, however, that petitioner has now submitted his brief. It is logical, coherent and well-argued. Its only deficiency is in failing to address the standard of review applicable to state habeas petitions, as set forth in the court's initial order to show cause; however, petitioner will have an opportunity to provide a supplement. In addition to his brief, petitioner's response to an earlier order of this court concerning unexhausted claims shows that he is able to understand basic legal principles, advocate on his own behalf and communicate effectively with the court. Also, the state trial court found that petitioner "takes an interest in his cases," is "knowledgeable" and "likes to

2

immerse himself in the issues of law." Response, dkt. 9, exh. 3, at 132-33. From all of this information, I am satisfied that petitioner is able to represent himself in this action.

Petitioner's petition raises a single, straightforward claim. The outcome of this case appears to turn on whether the state court decision was an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). *See Wood v. Allen*, ___ U.S. ___, 130 S. Ct. 841 (2010); *Rice v. Collins*, 546 U.S. 333, 339 (2006). Petitioner will not need to make any complex legal arguments to make this showing; instead, he must point to evidence presented in the state court proceeding that undermines the state courts' factual determinations.

In addition, this court is quite familiar with the case law applicable to the constitutional issues raised by petitioner's claims and to the review applicable to § 2254 petitions. This court thoroughly and fairly will apply the law to the facts of petitioner's case to determine whether habeas relief is warranted, regardless whether petitioner pens his own reply, has a jailhouse lawyer assist him or were to have the assistance of an actual attorney. If it later becomes apparent that the issues are more complex than anticipated or that petitioner does not have the necessary degree of competence, the court will reconsider the request. *Pruitt*, 503 F.3d at 656.

As for the transcripts, I am directing the state to file them not later than April 5, 2010. Because petitioner did not have the transcripts when he wrote his brief, I will give him the opportunity to file a supplemental brief. Petitioner shall have until April 19, 2010 in which to file a supplement if he wishes. The state's brief in opposition to the petition is due May 19, 2010. Petitioner's brief in reply is due June 8, 2010.

ORDER

IT IS ORDERED THAT:

1. Petitioner's motion for the appointment of counsel is DENIED at this time.

2. The state shall file the pertinent state court transcripts not later than April 5, 2010.

3. Briefing shall proceed as follows:

    Petitioner's supplemental brief is due April 19, 2010.

    The state's brief in opposition is due May 19, 2010.

    Petitioner's brief in reply is due June 8, 2010.


Entered this 22nd day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge